### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION


**GREGORY POINDEXTER,**

      **Petitioner,**

                            **Civil No: 04-40029**
                            **Honorable Paul V. Gadola**
                            **Magistrate Mona K. Majzoub**

**v.**


**PAUL RENICO**,

      **Respondent.**

_____

### MEMORANDUM OPINION & ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS UPON APPLICATION FOR WRIT OF HABEAS CORPUS

## I. Introduction

This is a habeas case under 28 U.S.C. §2254. Gregory Poindexter, (hereinafter, "Petitioner"), filed a *pro se* request for Writ of Habeas Corpus in an effort to challenge his state court convictions of first degree murder under alternate theories of premeditation in violation of MCL §750.316, felony murder (second degree) in violation of MCL §750.317, and possession of a felony firearm in violation of MCL §750.227b. Respondent filed his Answer in Opposition to Petition for Writ of Habeas Corpus. Subsequent to a bench trial in Wayne County Circuit Court, Petitioner was convicted of the above referenced offenses and sentenced to life imprisonment without the possibility of parole along with a consecutive 2 year sentence for the felony firearm conviction.

The matter presently before the Court is Petitioner's Motion to Stay Proceedings Upon

Application for Writ of Habeas Corpus.  The basis upon which Petitioner relies in support of his stay motion is the  position that he  failed to exhaust all available state remedies relative to his constitutional due process claim before filing the pending habeas petition in this matter. Specifically, Petitioner seeks to raise a constitutional argument that his due process rights were allegedly violated when the prosecution purposefully presented false evidence regarding gunshot residue evidence. Petitioner admits that this constitutional claim was not raised before the state appellate courts in this matter.  Respondent has not filed a responsive pleading to Petitioner's Motion.

Upon review of the pleadings and as further set forth below, the Court finds that Petitioner has not exhausted all available state remedies relative to his due process claim and will permit Petitioner to pursue the available state remedies relative to his unexhausted claim while his exhausted claim is stayed.

## II.  Background

Petitioner was convicted of shooting and killing his girlfriend.  On direct appeal to the Michigan Court of Appeals and in supplemental pleadings, Petitioner raised the following issues: (1) whether the trial court violated Petitioner's due process right to a fair trial when it refused to declare a hung jury when the jurors appeared to be deadlocked on an issue; (2) whether Petitioner was denied his constitutional right to a fair trial when his right to confrontation was compromised following the prosecution's introduction of inadmissible hearsay testimony; (3) whether Petitioner was entitled to a new trial due to his ineffective assistance of counsel; (4) whether the jury was improperly instructed by the trial court; (5) whether Petitioner  was prejudiced due to the trial court's failure to dismiss the prosecution's case; and (6) whether the trial court was biased against the Petitioner.  The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished *per curiam* opinion and order.

2

*People v. Poindexter,* 2002 WL 194794, Mich. Ct. App. No. 202456 (per curiam) (January 29, 2002).

In Petitioner's Application for Leave to Appeal to the Michigan Supreme Court, he raised the following issues: (1) whether the trial court improperly coerced the jury into finding him guilty when the trial court was informed that the jury was deadlocked; (2) whether the prosecutor engaged in misconduct by deliberately eliciting inadmissible evidence; (3) whether *Ginther* hearing testimony was ignored; (4) whether the jury was improperly instructed; (5) whether double jeopardy had attached; and (6) whether there was sufficient evidence to support a conviction. The Michigan Supreme Court entered an order on September 30, 2002 denying relief. *People v. Poindexter*, 467 Mich. 882; 672 N.W.2d 858 (Table) Mich. Sup. Ct. No. 121216 (September 30, 2002).

On January 29, 2004, Petitioner filed a Petition for Writ of Habeas Corpus, which is presently pending before the Court, and which raises the following issues: (1) whether the Petitioner's constitutional right to confrontation and a fair trial was violated when inadmissible hearsay evidence was introduced to establish Petitioner's alleged history of violent behavior; and (2) whether Petitioner's constitutional right to due process was violated when the prosecution intentionally presented false evidence regarding the source of gunshot residue.

Petitioner subsequently filed this Motion to Stay Proceedings Upon Application for Writ of Habeas Corpus, maintaining that Petitioner's constitutional claim regarding due process relative to the admission of gunshot residue evidence was not exhausted at the state court level.

For the reasons set forth below, the Court agrees with Petitioner's exhaustion argument and hereby requires the Petitioner to exhaust the above referenced constitutional claim while his other claim for relief is stayed.

3

### III.  Discussion

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)(quoting, *Picard v. Connor*, 404 U.S. 270, 275 (1971).  State prisoners in Michigan are required to present their claims to the Michigan Court of Appeals and to the Michigan Supreme Court before raising their claims in a federal habeas corpus petition so that the court will be alerted to the federal nature of the claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Dombkowski v. Johnson*, 488 F.2d 68, 70 (6th Cir. 1973).

Generally, a federal district court should dismiss a "mixed" petition for a writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982); *see also Rust v. Dent*, 17 F.3d 155, 160.  While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition.  *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).  To exhaust these state remedies, the applicant must have presented the very issue upon which he seeks relief from the federal courts to the courts of the state that he claims is wrongfully confining him.  *Picard v. Conner*, 404 U.S. 270, 275-76 (1971).  "[A] claim for relief in habeas corpus cases must [ ] refer [ ] to a specific federal constitutional guarantee, as well as a statement of the facts which entitle [ ] the petitioner to relief."  *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).   A state prisoner petitioner is required to fairly represent the legal and factual substance of each issue he seeks to raise in the federal habeas proceeding at all levels of state court

4

review.  *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987).  It is not enough that all the facts necessary to support the federal claim were before the state court, or that a somewhat similar state-law claim was made. *Picard v. Conner*, 404 U.S. at 277.

In this case, Petitioner admits that his second constitutional claim involving an alleged violation of constitutional due process rights relative to the admission of gunshot residue evidence and its origin was not a claim that was presented to the state appellate courts.  Respondent also acknowledges Petitioner's failure to exhaust this claim in his Answer in Opposition to Petition for Writ of Habeas Corpus. A dismissal of this action, however, could result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *See* 28 U.S.C. § 2244(d).  "The combined effect of *Rose* and AEDPA's limitations period is that if a petitioner comes to federal court with a mixed petition toward the end of the limitations period, a dismissal of his mixed petition could result in the loss of all of his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims." *Pliler v. Ford*, 542 U.S. 225, __, 124 S. Ct. 2441, 2445 (2004).

> In light of this dilemma, courts are not precluded from retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies.  Indeed, there is every reason to do so when AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims, *see* 28 U.S.C. § 2254(b)(2) (1994 ed., Supp. V), and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period.

*Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring).

However, "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber,* __ U.S. __, __, 125 S. Ct. 1528, 1535 (2005).

5

[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

. . . . And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. *See* [*Zarvela v. Artuz*, 254 F.3d 374, 380-81 (2d Cir. 2001)].

*Id.*

The Court has reviewed the pleadings in this matter and finds that Petitioner has met the requirements for the issuance of a stay. Good cause has been shown for Petitioner's failure to exhaust his due process claim in the state court and Petitioner has not demonstrated that he has engaged in any abusive litigation tactics or intentional delay. Moreover, Petitioner has an abbreviated period of time in which to exhaust his due process claim, which would run afoul of the statute of limitations period in this case.[1] For these reasons the Court finds that a stay in this matter is appropriate.

## IV.  Conclusion

For the foregoing reasons, the Court concludes that Petitioner's exhausted claims should be stayed and further finds that Petitioner should be permitted to pursue state remedies for his unexhausted claim.

---

[1]Based upon the following facts, Petitioner has 7 days in which to either exhaust the constitutional aspect of his due process claim or to amend his habeas petition raising only the appellate standard of review claim: (1) the Michigan Supreme Court entered its order denying Petitioner's Application for Leave to Appeal on September 30, 2002; (2) the one year statute of limitations period began to run on December 29, 2002; (3) Petitioner *signed* his habeas petition on December 22, 2003 (although it was not filed with this Court until January 29, 2004); (4) Petitioner *signed* his habeas petition 7 days before the expiration of the one year statute of limitations (i.e., March 26, 2004); and (5) as a result Petitioner has only 7 days left to exercise one of the above stated options in an effort to seek habeas relief.

Accordingly,

IT IS HEREBY ORDERED relative to Petitioner's Motion to Stay Proceedings Upon Application for Writ of Habeas Corpus [Doc. # 30, filed September 7, 2004] that Petitioner's due process claim is **DISMISSED WITHOUT PREJUDICE** and his constitutional claim regarding a violation of Petitioner's right to a fair trial and confrontation is **STAYED**.

IT IS FURTHER ORDERED that the Court's stay of Petitioner's exhausted claim is conditioned on Petitioner timely exercising one of two options: (1) he may submit an amended habeas petition to this Court in which he raises only his exhausted appellate standard of review claim **or** (2) he may pursue state remedies for his unexhausted due process claim by filing a motion for relief from judgment in the trial court. *See* Subchapter 6.500 of the Michigan Court Rules.

IT IS FURTHER ORDERED that Petitioner shall take action on one of his two options within **sixty (60) days** of this order. If he chooses to pursue state remedies and is unsuccessful in state court, he may return to this Court, but only if he does so within **sixty (60) days** of exhausting state remedies. Upon returning to federal court, Petitioner shall use the same caption and case number that appear on this order.

IT IS FURTHER ORDERED that The Clerk of Court shall close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of Petitioner's claims.

s/Paul V. Gadola_____
HONORABLE PAUL V. GADOLA
UNITED STATES DISTRICT COURT

Dated:   September 30, 2005

7

Certificate of Service

I hereby certify that on   September 30, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                            Raina I. Korbakis                                                            , and
I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:              Gregory Poindexter                        .


                                              s/Ruth A. Brissaud
                                              Ruth A. Brissaud, Case Manager
                                              (810) 341-7845

8