UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY POINDEXTER,

        Petitioner,

v.

PAUL RENICO,

        Respondent.

_____/

Case No. 04-cv-40029

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER DENYING PETITIONER'S
## MOTION FOR RELIEF FROM JUDGMENT (docket no. 43)
## AND MOTION FOR APPOINTMENT OF COUNSEL (docket no. 44)

The Court previously denied Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 in an opinion and order dated March 30, 2009. Docket no. 38. Petitioner apparently did not receive a copy of the order and judgment sent by U.S. Mail, as both were returned to the clerk's office marked as undeliverable. Petitioner claims that the clerk's office committed a clerical error in addressing the envelope that contained copies of the order and judgment and asks the Court to reissue its order and judgment to allow him to file a timely notice of appeal. He also asks the Court to appoint counsel to help prosecute his motion. The Court will deny his requests.

On August 13, 2007, Petitioner mailed the Court a notice indicating his address had changed and asked the clerk to send all further correspondence to his new address: 16770 S. Watertower Drive, Kincheloe, Michigan 49788. *See* docket no. 33. No other change of address was sent to the Court between this notice and the time the order and judgment were mailed to Petitioner, yet the order and judgment were mailed to Petitioner's attention at Kalkaska County Jail, 605 North Birch Street, Kalkaska, Michigan 49646. *See* docket

no. 40. The mailing was returned as undeliverable, the front of the envelope stating "RETURN TO SENDER, NO LONGER AT THIS ADDRESS." *See id.* The Court has been unable to find the Kalkaska address in any filing on the docket, except for the front of the envelope containing a copy of the order and judgment that was later returned as undeliverable. It appears that an error was possibly made in the clerk's office in updating Petitioner's address on the electronic docket, an address the Court used to send Petitioner a copy of the order and judgment. In any event, the Petitioner claims he did not receive the order and judgment and the Court will credit his assertion.

## DISCUSSION

Petitioner's opportunity to appeal the Court's order and judgment has long expired. *See* Fed. R. App. P. 4(a)(1) ("In a civil case ... the notice of appeal ... must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."). Judgment was entered on March 30, 2009 and 30 days from that date has long passed. On February 4, 2010, more than 180 days after the Court entered judgment, Petitioner asked the Court to re-issue its judgment so he may file a timely appeal. He relies exclusively on Rule 60(a), which permits a court to correct clerical errors arising from oversight or omission in a judgment, order, or other part of the record. Fed. R. Civ. P. 60(a). Although he cites Rule 60(a) only in the title of his motion and fails to expound on it in the body of his motion, *pro se* litigants are often afforded relief from strict adherence to court rules. Accordingly, the Court will construe his motion to include reliance on Rule 60(a) in the body of his motion. The Michigan Attorney General has not responded to the motion.[1]

---

[1] The Michigan Attorney General represents Respondent. *See* docket no. 9.

Generally, a party's lack of notice regarding the entry of judgment or an appealable order does not affect the time for filing an appeal or otherwise relieve – or authorize the court to relieve – a party for failing to file an appeal within the prescribed time.  *See* Fed. R. Civ. P. 77(d)(2).  Rule 4(a) of the Federal Rules of Appellate Procedure, however, provides an exception.  *Id.*  Rule 4(a) states that a district court may reopen the time to file an appeal for a period of 14 days, provided that, among other things, the motion is filed within the earlier of 180 days after judgment was entered or 14 days after the moving party received service of the judgment by the clerk.  Fed. R. App. P. 4(a)(6).  The Rule places a 180-day cap on the Court's authority to reopen judgments and orders for the purpose of allowing a timely appeal.  *See Vencor Hosps., Inc. v. Standard Life and Accident Ins. Co.*, 279 F.3d 1306, 1310 (11th Cir. 2002) ("[Rule 4(a)(6)] establishes an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal." (*quoting* Fed. R. App. P. 4 advisory committee notes to 1991 amendment)).

Furthermore, "[t]he Appellate Rules underscore the exclusivity of the Rule 4(a)(6) remedy by explicitly excluding it from the blanket Rule regarding extension of other appellate time prescriptions [provided in Rule 26(b)]."[2]  *Bowles v. Russell*, 432 F.3d 668, 672 (6th Cir. 2005), *aff'd*, 551 U.S. 205 (2007).  Thus, it is clear that Rule 4(a)(6) is the exclusive method for relieving a party of its failure to file a timely notice of appeal due to a lack of notice regarding the district court's entry of judgment, and neither Rule 60 of the

---

[2] Rule 26(b) provides:
> (b) Extending Time. For good cause, the court may extend the time prescribed by these rules or by its order to perform any act, or may permit an act to be done after that time expires.  But the Court may not extend the time to file:
>> (1) a notice of appeal (*except as authorized in Rule 4*) or a petition for permission to appeal ...

Fed. R. App. P. 26(b) (emphasis added).

Federal Rules of Civil Procedure nor any other rule, statute, or judge-made provision may be used to circumvent the 180-day limitation set forth in the Rule. *See Vencor*, 279 F.3d at 1311; *Clark v. Lavallie*, 204 F.3d 1038, 1041 (10th Cir. 2000) ("The 180-day limitation which governs this case is specific and unequivocal."); *Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 361 (8th Cir. 1994) ("It therefore appears that the plain language of both Fed. R. App. P. 4(a)(6) and Fed. R. Civ. P. 77(d) addresses specifically the problem of lack of notice of a final judgment. That specificity, in our view, precludes the use of Fed. R. Civ. P. 60(b)(6) to cure problems of lack of notice."); *see also* 16A Wright, Miller, Cooper, and Struve, *Federal Practice and Procedure* § 3950.6 at 433 (4th ed. 2008) ("Civil Rule 60 does not seem to retain its vitality as a possible alternative route to relief; once Rule 4(a)(6)'s 180-day period has expired, a district court cannot rely on the onetime practice of vacating the judgment and reentering the same judgment in order to create a new appeal period.").

Accordingly, despite Petitioner's reliance on Rule 60(a),[3] the Court lacks the authority to consider the Rule 60's provision for relief due to clerical mistakes, such as the one that likely occurred in this case. Because Petitioner claims he did not receive actual notice of the judgment within the time period for filing an appeal, and he seeks relief from his failure to file a timely appeal, Rule 4(a)(6) is the only vehicle for relief in this context and provides the exclusive path for any potential relief. But, since the Rule's requirements are not satisfied in this case due to Petitioner's motion being filed well outside the 180-day period

---

[3] Although most courts that reject Rule 60 as a vehicle for reopening the time to file an appeal address the inapplicability of Rule 60(*b*) and not Rule 60(*a*), the Court finds no good reason why the requirements of Rule 4(a)(6) would not displace the applicability of Rule 60(b) but not Rule 60(a). In fact, one commentator has declined to distinguish between subsections (a) and (b) when discussing the displacement of Rule 60 by Rule 4(a)(6). *See* 16A Wright, Federal Practice and Procedure § 3950.6 at 433 ("*Civil Rule 60* does not seem to retain its vitality as a possible alternative route to relief ...." (emphasis added)).

after the entry of judgment, the Court is without authority to reopen the time for filing an appeal.

In *Clark*, the Tenth Circuit declined to "follow or approve" *United States v. Brown*, 179 F.R.D. 323 (D. Kan. 1998), in which the clerk of the court failed to send any notice whatsoever of the denial of a *pro se* prisoner's § 2255 motion. More than one year after entry of the order, the prisoner filed a motion for relief under Rule 60(b), which the district court granted, finding that Rule 4(a)(5) and (6) were not the exclusive means for extending time to file an appeal: "If relief under Federal Rule of appellate Procedure 4(a)(5) and (6) is unavailable, then [R]ule 60(b) is available to prevent manifest injustice." *Brown*, 179 F.R.D. at 327 (*quoted* in *Clark*, 204 F.3d at 1041). Effectively abrogating *Brown*, the court in *Clark* found, "[u]nlike the *Brown* court, we see no latitude on the clear and restrictive language of Rule 4(a)(6). *Clark*, 204 F.3d at 1041. If *Clark* declined to reopen the period for appeal under Rule 4(a)(6) in a case in which the clerk *failed to send notice of the order at all*, then certainly the same result must obtain here, where the clerk did in fact mail notice, but it was apparently sent to an incorrect address.

While the result in this case may be regrettable, Rule 4(a)(6) ties the Court's hands in this matter. Agreeing with the Tenth Circuit's statement in *Clark*, the Court "see[s] no latitude on the clear and restrictive language of Rule 4(a)(6)." *Clark*, 204 F.3d at 1041. Moreover, the fact that Petitioner is *pro se* and incarcerated cannot change this result. "The essence of Rule 4(a)(6) is finality of judgment. While application of that concept infrequently may work misfortune, it is an overriding principle which demands enforcement without distinction between counseled and uncounseled cases." *Id.* The taking of an appeal within the prescribed time is "mandatory and jurisdictional." *Bowles*, 551 U.S. at 209-214. A district court cannot fashion procedures that excuse the untimely filing of an

appeal even if the Court determines excusal is required to do justice.  *See, e.g., id.* at 214 (overruling prior cases establishing a "unique circumstances doctrine" that permitted late filing of an appeal when a district court granted an extension that an appellate court later determined to have been improvident but that the appellant justifiably relied on in filing a late appeal).  As the Supreme Court recently stated, "[i]f rigorous rules like [Rule 4(a)(6)] are thought to be inequitable, Congress may authorize courts to promulgate rules that excuse compliance with the statutory time limits." *Id.*

Petitioner has also filed a motion for appointment of counsel.  There is no constitutional right to counsel in habeas proceedings.  *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987).  The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require.  *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); 18 U.S.C. § 3006A(a)(2)(B) (A habeas petitioner may obtain court-appointed representation at any stage of the case "[w]henever the United States magistrate judge or the court determines that the interests of justice so require.").  The Court does not find cause to appoint counsel in this case since the issue is clear and Petitioner would not have had a reasonable chance of succeeding on his motion even were counsel appointed.  *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002) ("the law accordingly requires appointment of counsel only 'if, given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, [he] could not obtain a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side.' " (*quoting Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir.1997)).  Accordingly, the Court will deny his request for counsel.

**WHEREFORE** it is hereby **ORDERED** that Petitioner's motion for relief from judgment (docket no. 43) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel (docket no. 44) is **DENIED.**

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 10, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 10, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager