UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY POINDEXTER,

    Petitioner,

v.

PAUL RENICO,

    Respondent.
                               /

Case No. 04-cv-40029

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING PETITIONER'S MOTION FOR
EXTENSION OF TIME TO FILE AN APPEAL** (docket no. 46)**,
MOTION TO REOPEN THE TIME TO FILE AN APPEAL** (docket no. 47), **AND
<u>AMENDED MOTION TO REOPEN THE TIME TO FILE AN APPEAL</u>** <u>(docket no. 51)</u>

    In this habeas action, Petitioner again asks the Court to reopen the time for him to file an appeal. He also asks the Court to extend the time for him to file an appeal. The Court has already once denied his request to reopen the time for filing an appeal after concluding it lacked the authority to grant such relief. Opinion and Order of August 10, 2010, at 4-5. Petitioner has now filed a notice of appeal. The Court concludes that it lacks jurisdiction to consider the requests.

    Petitioner has filed a notice of appeal, which generally would divest this Court of jurisdiction regarding all matters pertaining to the appeal. *See Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dep't of Natural Res.*, 71 F.3d 1197, 1203 (6th Cir. 1995) ("It is settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal."). But even if the Court had jurisdiction to consider Petitioner's motions it would deny them. Petitioner first asks the Court to extend the time for him to file an appeal. Rule 4(a)(5) of the Federal Rules of Appellate Procedure governs such requests. It requires an appellant to make

such requests no more than 30 days after entry of judgment. Fed. R. App. P. 4(a)(5)(A)(i). More than 30 days have passed since the Court entered final judgment; the Court cannot grant an extension.

Petitioner also asks the Court to reopen the time for filing an appeal. Rule 4(a)(6) of the Federal Rules of Appellate Procedure governs such requests. For the reasons stated in the Court's order of August 10, 2010, the Court lacks the authority to grant such relief. Petitioner cites the Supreme Court's decision in *Hill v. Hawes*, 320 U.S. 520 (1944) in support of his request to reopen the judgment. In that case, the district court clerk failed to notify the litigant of the court's decision and the litigant failed to file a timely notice of appeal. The Supreme Court held that the litigant was entitled to rely on the lack of notice of the judgment and approved the district court's action in vacating its original judgment and re-entering it in a new order with the effect of restarting the appeal period. *Id.* at 524.

*Hill* is no longer good law. The decision has been superceded by Fed. R. Civ. P. 77(d), which provides that "lack of notice of the entry of judgment does not affect the time for appeal or relieve -- or authorize the court to relieve -- a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure 4(a)." Fed. R. Civ. P 77(d); *see Ashby Enters., Ltd. v. Weitzman, Dym & Assocs.*, 780 F.2d 1043, 1046 (D.C. Cir. 1986). As the D.C. Circuit recognized in *Ashby*,

> [T]he Advisory Committee on the Rules expressly rejected *Hill*, "noting that the of the decision in *Hill v. Hawes* is to give the district court power, in its discretion and without time limit, and long after the term may have expired, to vacate a judgment and reenter it for the purpose of reviving the right of appeal. * * * Rule 77(d) as amended makes it clear that notification by the clerk of the entry of judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of litigants. * * * It would, therefore, be entirely unsafe for a party to rely on absence of notice from the clerk of the entry of a judgment * * *."

780 F.2d at 1046 (quoting Notes of Advisory Committee on Rules -- 1946 Amendments); see *Braden v. Univ. of Pittsburgh*, 552 F.2d 948, 953 (3d Cir. 1977) ("Because Hill allowed a judgment to be vacated, despite the passage of a protracted period of time, Rule 77(d) subsequently was amended to counteract the impact of that decision on the finality of judgments."). Accordingly, *Hill* does not support Petitioner's request to reopen the time for filing an appeal.

**WHEREFORE** it is hereby **ORDERED** that Petitioner's motion for extension of time to file an appeal (docket no. 46) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's motion to reopen the time to file an appeal (docket no. 47) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's amended motion to reopen the time to file an appeal (docket no. 51) is **DENIED.**

This matter remains closed.

**SO ORDERED.**

    s/Stephen J. Murphy, III
    STEPHEN J. MURPHY, III
    United States District Judge

Dated: September 8, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 8, 2010, by electronic and/or ordinary mail.

    Alissa Greer
    Case Manager